LOVE, J.,
Concurs in Part and Dissents and Assigns Reasons.
hi concur in the result in Sections I, II, III, IV, V, VI(b) and VI(c). I dissent from Section VI(a) in that I find the trial court’s apportionment of fault within an acceptable range. I dissent from Section VII for the reasons assigned by Judge Bonin.
The determination of whether comparative fault applies in a particular matter is a factual determination, which is subject to the manifest error standard on appellate review. Clement v. Frey, 95-1119, p. 7 (La.1/16/96), 666 So.2d 607, 610-11. Further, an appellate court can only adjust percentages if the apportionment of fault is found to be clearly wrong. Id. at pp. 7-8, 666 So.2d at 611. As this Court stated in Riley v. Reliance Insurance Company, allocation of fault is not an exact science, or the search for one precise ratio, but rather an acceptable range, and that any allocation by the fact finder within that range cannot be “clearly wrong.” 97-0445, pp. 6-7 (La.App. 4 Cir. 11/19/97), 703 So.2d 158, 163
The majority states that the evidence adduced at trial established that the State did not have a responsibility to maintain the building and that it leased only part of the building. Further, the majority cites the testimony of Mr. Townsend, the plaintiffs’ engineering expert, who testified that areas that caused the spread of |2mold spores throughout the building were located outside the State’s leased space. The majority concludes that a significant percentage of the fault should have been allocated to the building owner for “purposefully allowing] a persistent water intrusion problem that in turn resulted in the growth of an abundance of mold.... ”
*1164 However, I do not find that the State’s burden was lessened by having leased space in one portion of the building where working employees’ complained while the problem stemmed from another area in the building. The State had the option of either making repairs and deducting their expenses from payments under the lease or cancelling their lease and vacating the building after giving the building owner notice. I find support for the fault determination within the range that the trial court allocated in the State’s failure to provide a safe workplace and unreasonable actions after learning of State employees’ complaints about buildingconditions and their adverse health issues. The State’s unreasonable failure to exercise the options available to it under the lease lengthened the plaintiffs’ exposure to the harmful environment present in the building. I find that the trial court’s apportionment of 100% of fault to the State within an “acceptable range.” Therefore, I would affirm the trial court’s allocation of fault.